Raymond Leidig, M.D. Executive Director Department of Institutions 3550 West Oxford Avenue Denver, Colorado 80236
Dear Dr. Leidig:
This letter is in response to your request for an opinion received in this office May 12, 1978, concerning the relationship and possible conflict between the powers and duties of the Colorado Hospital Commission as specified in C.R.S. 1973, 12-43.9-106 and the responsibilities and duties of the Department of Institutions pursuant to Articles 12, 13 and 15 of Title 27, C.R.S. 1973.
QUESTIONS PRESENTED AND CONCLUSIONS
Specifically, you set forth five questions as to the authority of the Colorado Hospital Commission to apply certain elements of the Commission's prospective budget-review system to the Colorado State Hospital and the Fort Logan Mental Health Center as follows:
1. Does the Colorado Hospital Commission have the power and duty to require charges to clients of this department be "uniform for all patients receiving comparable services?"
 My conclusion is "yes." The Colorado Hospital Commission has this power. This does not conflict with the Department of Institutions' power and duty to assess payments based on its determination of ability to pay.
2. Does the Colorado Hospital Commission have the power and duty to require Colorado State Hospital and Fort Logan Mental Health Center "to maintain accounting records in accordance with uniform systems of accounting and statistical reporting approved by the Commission" in lieu of or in addition to those stipulated by and approved by the State Controller?
 My conclusion is "yes." The Colorado Hospital Commission has this power, to the extent that these facilities fall within the definition of hospital pursuant to C.R.S. 1973, 12-43.9-102(5). Any reporting or accounting duties required will be in addition to, not in lieu of, those required by the State Controller.
3. Does the Colorado Hospital Commission have the power and duty to designate revenue centers and units of service for Colorado State Hospital and Fort Logan Mental Health Center?
 My conclusion is that the Colorado Hospital Commission has this authority to the extent that these facilities fall within the definition of hospital.
4. Does the Colorado Hospital Commission have the power and duty to make assessment to Colorado State Hospital and Fort Logan Mental Health Center for operating expenses of the commission when such amounts have not been appropriated to those agencies by the legislature?
 My conclusion is that the Colorado Hospital Commission has this power since no exception is made for public hospitals, C.R.S. 1973, 12-43.9-108.
5. Does the Colorado Hospital Commission have the power and duty to carry out any and all such other duties of the commission as specified in House Bill 1582, as they may relate to the Colorado State Hospital and the Fort Logan Mental Health Center?
 Due to the breadth of this question, we are unable to respond in any specific manner.
ANALYSIS
Due to the underlying issue of the commission's authority present in each of your five questions, the initial discussion below will be directed toward all five questions you present with specific discussion following.
C.R.S. 1973, 12-43.9-106 specifies certain powers and duties of the Colorado Hospital Commission and states in relevant part as follows:
 12-43.9-106. Powers and Duties of Commission. (1) In addition to any other duties provided in this article the commission shall:
 (a) Review and approve each hospital's prospective budget . . . and require that charges be uniform for all patients receiving comparable services;
 (b) Require hospitals to maintain accounting records in accordance with uniform systems of accounting and statistical reporting approved by the commission . . .
 (d) Designate the revenue centers and the units of service in a manner consistent for all hospitals within each peer group.
In addition, C.R.S. 1973, 12-43.9-108(1) states in relevant part:
 The commission shall make an annual assessment on each hospital to meet the administrative expenses incurred in carrying out the duties and responsibilities required by this article . . .
The powers and duties of the Hospital Commission described above refer to "hospital" or "hospitals." C.R.S. 1973, 12-43.9-102(5) defines hospital as follows:
 "Hospital" includes any public or private hospital, whether organized for profit or not, which is required to be licensed pursuant to article 3 of title 25, C.R.S. 1973, or certified pursuant to section 25-1-107(1)(l)(II), C.R.S. 1973. The term `hospital' does not include any nursing institution conducted by and for the adherents of a recognized church or religious denomination who rely solely upon spiritual means through prayer for healing. (Emphasis added.)
As you are aware, C.R.S. 1973, 25-1-107(1)(l)(II) is limited to annual certification by the Department of Health of health institutions fully owned and operated by the state or any of its political subdivisions. Therefore, the legislative intent evident in the authority granted the Colorado Hospital Commission was to include state institutions.
To the extent Colorado State Hospital and Fort Logan Mental Health Center are hospitals as defined above, the authority of the Colorado Hospital Commission would extend to those institutions in the absence of some statutory or constitutional prohibition. Although this office can appreciate additional administrative burdens this may present your department, such a burden or inconvenience would not in and of itself negate the authority of the Colorado Hospital Commission as specifically delineated by the General Assembly.
Your question No. 1 set forth above concerns a possible conflict between the duties of the Department of Institutions concerning determination of a patient's ability to pay consistent with C.R.S. 1973, 27-12-104 and the authority of the Colorado Hospital Commission to require uniform charges. Resolution of this possible conflict requires distinguishing the amount which may be properly determined to be a charge from the amount which may be required to be paid for services provided to a patient.
In an opinion issued to the Colorado Hospital Commission dated April 24, 1978, this office took the position that charges and methods of payment are two distinct considerations due to the payment characteristics of different individuals or entities. Similarly, amounts properly charged to Department of Institutions patients should be considered separate from amounts which may actually be collected due to the availability of insurance benefits or determinations of ability to pay. Both the Colorado Hospital Commission and the Department of Institutions are required to consider the cost of service when determining charges. C.R.S. 1973, 12-43.9-101 states in pertinent part, "It is the intent of the general assembly that the commission assure that all hospital charges are reasonably related to hospital costs." C.R.S. 1973, 27-12-102(1) places a similar responsibility on the Department of Institutions by stating, "The department of institutions shall periodically determine the individual cost for the care, support, maintenance, treatment and education of the patients of each of such institutions."
The Commission has the further benefit of a specific statutory definition of "charge" in C.R.S. 1973, 12-43.9-102(1) which states, "`charge' means the price of each specific service within a revenue center." Therefore, "charge" for the Hospital Commission refers to a price to be set and not necessarily an amount to be collected.
Although the Department of Institutions does not have a statutory definition of charge, the distinction between amounts charged and amounts collected is clear from the statutory scheme set forth in C.R.S. 1973, 27-12-101 through 27-12-104, which provides for a progressive determination of liability, cost, and the ability to pay. In addition, the Colorado Court of Appeals has thoroughly analyzed both the statutory scheme and the proper definition of the term "charge."
 We find the statutory scheme clear and unambiguous. Section 101 imposes liability upon admission to the institution on the persons named for the actual cost (as determined in section 102) of their treatment, (citation omitted). Of course, this liability may not exceed the actual cost . . . the ability to pay determination is in the nature of a remission or allowance granted by the state to persons of limited resources . . . . Thus, the `charges' referred to in the policy, refer to the actual cost of care, as determined pursuant to section 27-12-102, C.R.S. 1973 . . . . Defendants contend that the term `charges,' as it is used in the policy, means the amount of the assessment made pursuant to section 27-12-103, C.R.S. 1973. We disagree . . . words are presumed to have the meaning given in plain and ordinary usage . . . . A `charge' is `the price demanded for a thing or service,' (citation omitted) . . . . `Charges' as the term is used in the first portion of the exclusion clause above, means the actual cost of care, not that amount which is assessed. State v. Schleiger, 37 Colo. App. 195, 547 P.2d 1295 at 1297-1299 (1975) (emphasis provided by Court.)
On appeal, the Colorado Supreme Court affirmed both the decision and the analysis of the Court of Appeals as follows:
 The Court of Appeals' analysis is the most reasonable rationale available within the statutory framework set out in section 27-12-101, et seq., C.R.S. 1973, and that analysis needs little clarification by this Court . . . . The (Defendants) contend that the term "charges" . . . meant the assessment made pursuant to section 27-12-103, C.R.S. 1973, rather than the actual costs of the patient's treatment. The Court of Appeals thoroughly analyzed the policy language and correctly rejected the (Defendants') argument leaving nothing to warrant further consideration of this issue. Schleiger v. State, 193 Colo. 531, 568 P.2d 441
at 442-444 (1977).
Based on the above discussion, it is my opinion that there is no conflict between the statutory duties of the Colorado Hospital Commission and the Department of Institutions with respect to payment for services. The commission has the power and duty to require charges to hospital patients be uniform for all patients receiving comparable services. The department then has the power and duty to assess payments based on its determination of ability to pay.
In response to questions 2, 3, and 4 set out above, to the extent the Colorado State Hospital and Fort Logan Mental Health Center fall within the definition of "hospital" the Colorado Hospital Commission does have the power and duties you questioned. Due to the breadth of your question No. 5, we are unable to respond in any specific manner.
Of course, the Colorado Hospital Commission has no authority to alter requirements of the State Controller. Therefore, reporting requirements of the commission would not be in lieu of those of the State Controller, although the commission may add accounting duties in addition to those required by the Controller if the commission deems that records required by the Controller are not sufficient for its purposes. Similarly, the commission has no role in the legislative appropriations made to your department.
Since no exception for public hospitals is made in the hospital assessment section (12-43.9-108), the general assembly must have intended that assessments be made against the state hospitals. It would seem to be the duty of the Department of Institutions to budget for that expense and to seek and obtain the necessary appropriations.
The above should resolve all problems except for the administrative responsibilities which the Department of Institutions will be required to perform. It would appear that your primary concern had to do with a conflict between the duties of your department and the Colorado Hospital Commission. Based on a full consideration of the prospective budget review and approval system of the Colorado Hospital Commission, it appears that the commission will set charges for the State Hospital and Fort Logan based on costs of the treatment provided. Any amounts which your department determines to be uncollectible due to determinations of ability to pay pursuant to C.R.S. 1973,27-12-104, should be considered in the same manner as any bad debt or charity expense of a hospital.
SUMMARY
To briefly summarize my opinion, the Colorado Hospital Commission has the powers and duties questioned in regard to the commission's prospective budget-review system as this relates to the Colorado State Hospital and Fort Logan Mental Health Center. This applies to these facilities to the extent that they are hospitals pursuant to C.R.S. 1973, 12-43.9-102(5). The powers and duties of the commission do not conflict with those of the Department of Institutions.
Very truly yours,
 J.D. MacFARLANE Attorney General
HOSPITALS FEES COSTS ACCOUNTANTS AND ACCOUNTANCY
C.R.S. 1973, 12-43.9-101
C.R.S. 1973, 12-43.9-102(5) C.R.S. 1973, 12-43.9-106 C.R.S. 1973, 12-43.9-108 C.R.S. 1973, 25-1-107(1)(l)(II) C.R.S. 1973, 27-12-101 et seq., especially 101 and 104 C.R.S. 1973, 27-13-101 et seq. C.R.S. 1973, 27-15-101 et seq.
INSTITUTIONS, DEPT. OF Ft. Logan Mental Hlth Cntr
The authority of the Colorado Hospital Commission to regulate extends to the Colorado State Hospital and the Fort Logan Mental Health Center to the extent that these facilities are hospitals as statutorily defined. This includes the right of the commission to require uniformity of charges for comparable services, require uniform systems for accounting and statistical reporting, designate revenue centers and units of service, and make assessments for the operating expenses of the commission. While the commission has the powers and duties to require uniform charges, this does not conflict with the Department of Institutions' powers and duties to assess payments based upon its determination of ability to pay.